**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK E. NOEL

          Petitioner - Appellant,

   v.

GREG LEWIS, Warden

          Respondent - Appellee.

No. 12-16679

D.C. No. 3:08-cv-03777-EMC,

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: W. FLETCHER, and WATFORD, Circuit Judges, and DUFFY, District
Judge.[**]

     Patrick Noel ("Noel") appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. We review de novo the district

court's denial of Noel's petition. *Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir.

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

2014).

Noel was convicted of nine separate felony counts for offenses committed during a domestic dispute and a drive-by shooting of his cousin on November 26, 2003, in Mendocino County, California. Included among these counts was felony participation in a criminal street gang under California Penal Code § 186.22(a). Additionally, the information charging Noel included a sentencing enhancement under California Penal Code § 186.22(b)(1), alleging that the counts related to the drive-by shooting were committed "with the specific intent to promote, further, or assist in any criminal conduct by gang members." At trial, the prosecution presented direct evidence that Noel was a member of the Norteños, a criminal gang active in Mendocino County, and expert testimony that the attempted murder of Noel's cousin could have been related to his membership in that gang.

Noel appeals two aspects of the district court's denial of his petition. First, he contends that the evidence presented at trial was constitutionally insufficient to support a conviction for participation in a criminal street gang and the California Court of Appeal unreasonably applied clearly established federal law. Second, in an issue certified after oral argument, Noel alleges that his due process right to a fair trial was violated because the state trial court admitted irrelevant, unfairly prejudicial gang evidence.

Noel's first claim for habeas relief can only succeed if any fair-minded jurist, "viewing all the evidence in the light most favorable to the prosecution," would conclude that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Emery v. Clark*, 643 F.3d 1210, 1213 (9th Cir. 2011) (per curiam) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). "Insufficient evidence claims are reviewed by looking at the elements of the offense under state law." *Id.* at 1214 (citing *Jackson*, 443 U.S. at 324 n.16).

The California Court of Appeal concluded that Noel's gang participation conviction was supported by sufficient evidence under then-binding state court precedent. To prove a gang participation offense, prosecutors must show that the defendant "willfully promote[d], further[ed], or assist[ed] in any felonious criminal conduct by members of that gang." Cal. Penal Code § 186.22(a). After the California Court of Appeal's decision in Noel's case, the California Supreme Court stated that § 186.22(a) requires that the predicate felony be committed by at least two members of the same gang. *People v. Rodriguez*, 290 P.3d 1143, 1147–48 (Cal. 2012); *see also id.* at 1151 n.8 (specifically disapproving of California Court of Appeal decisions that permitted conviction for gang participation based on conduct committed alone). Prosecutors had not presented evidence that any other

member of Noel's gang participated in the drive-by shooting with Noel.[1]  Thus, there was no evidence that could have supported a gang participation conviction. *See id.* at 1146–48.  Therefore, the California Court of Appeal's decision on Noel's gang participation conviction under California Penal Code § 186.22(a) is contrary to clearly established federal law, and we reverse the judgment of the district court in this regard.  *See Jackson*, 443 U.S. at 319.

Next, we consider Noel's contention that his due process rights were violated by the introduction of gang evidence.  Noel argues that, given the insufficiency of the evidence as a matter of law regarding his conviction for gang participation under California Penal Code § 186.22(a) and the trial judge's decision to set aside the jury's finding on the gang enhancements under California Penal Code § 186.22(b)(1), his trial was fundamentally unfair and his due process rights were violated.

To obtain federal habeas relief based upon admission of evidence in state court, the petitioner must show that the admission of the evidence was so prejudicial as to deny the petitioner his right to due process and a fair trial.  *See*

---

[1] Respondent argues unconvincingly that Noel failed to fairly present this claim in the state courts or in the district court.  A careful reading of the district court opinion, the California Court of Appeal decision denying Noel's appeal, and his pleadings in each court show that his claim rested, in varying degrees, on the fact that he committed the offenses underlying the gang participation charge alone.

*Romano v. Oklahoma*, 512 U.S. 1, 12 (1994).  "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process."  *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Noel has failed to meet his burden.  As the California Supreme Court noted:

> Section 186.22(a) and section 186.22(b)(1) strike at different things.  The enhancement under section 186.22(b)(1) punishes gang-related conduct, i.e., felonies committed with the specific intent to benefit, further, or promote the gang. . . . [W]ith section 186.22(a), the Legislature sought to punish gang members who acted *in concert* with other gang members in committing a felony regardless of whether such felony was gang-related.

*People v. Rodriguez*, 290 P.3d 1143, 1152 (Cal. 2012) (internal quotation marks and citations omitted).  Even though Noel could not have been convicted of the gang participation offense under section 186.22(a) because he committed his crimes alone, he could have been subject to the enhancement in California Penal Code § 186.22(b)(1).  *See id.*  ("A lone gang member who commits a felony will not go unpunished; he or she will be convicted of the underlying felony.  Further, such a gang member would not be protected from having that felony enhanced by section 186.22(b)(1) . . . .").  At Noel's trial, his former girlfriend testified that Noel believed that his cousin was a police informant.  Noel's cousin, the target in Noel's attempted drive-by shooting, testified that Noel told him that Noel was a gang member.  Noel's former girlfriend also testified that Noel made his affiliation

with the Norteños known. The gang expert testified that Noel had admitted his membership in the Norteños during an interview with the expert in 2002. According the the gang expert, Noel's attempt to shoot his cousin could have benefitted Noel within the gang and could have also benefitted the gang itself. This evidence established a possible motive for the shooting—Noel wanted to punish his cousin for snitching—and permitted an inference that the shooting was gang-related. *See Windham v. Merkle*, 163 F.3d 1092, 1104 (9th Cir. 1998). Though the trial judge set aside the jury's finding on the enhancement, that ruling, in and of itself, does not establish that there were no permissible inferences to be drawn from the gang evidence. Noel's due process rights to a fair trial were not violated by admission of the gang evidence, from which permissible inferences about Noel's motive could have been drawn, and we affirm the judgment of the district court in this regard.

This matter is remanded to the district court with instructions to grant the writ consistent with this disposition. Each party shall bear its own costs.

**AFFIRMED in part; REVERSED in part and REMANDED.**