Filed 12/14/20  P. v. Noel CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PATRICK EVERETT NOEL,<br><br>        Defendant and Appellant. | A159257<br><br>(Mendocino County Super. Ct. No. SCWL-CRCR-0458628) |

In this appeal from a resentencing proceeding, Patrick Everett Noel contends the trial court erred by denying his new trial motion and by declining to strike a firearm enhancement (Pen. Code, § 12022.53, subd. (c)).[1]

We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND[2]

A.

*Background*

In 2004, Noel was charged with various felonies, including the attempted murder (§§ 187, 664) and assault with a semiautomatic firearm (§ 245, subd. (b)) of his cousin, and unlawful participation in a criminal street gang (§ 186.22, subd. (a)). The prosecution alleged several enhancements, including that Noel personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) in the commission of the attempted murder and that Noel committed the attempted murder and assault for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Before trial, the prosecution dismissed one of the charges committed against another victim.[3]

At trial, the prosecution offered evidence that Noel was a member of a criminal street gang and that the attempted murder was related to his membership in the gang. In 2005, a jury convicted Noel of the charges and the enhancements. The trial court granted Noel's motion for new trial as to the gang enhancements, and the prosecution elected not to retry them. The court sentenced Noel to 41 years in state prison.

Noel appealed. A division of this court affirmed the judgment of conviction but modified the sentence on an issue unrelated here. (*People v. Noel, supra,* A110859.) The trial court issued a corrected abstract of judgment imposing a prison sentence of 39 years and 8 months.

---

[2] We recite only those facts necessary to provide context and resolve the issues on appeal. We incorporate by reference the opinions in Noel's prior appeals, *People v. Noel* (Feb. 26, 2007, A110859) [nonpub. opn.], and *Noel v. Lewis* (9th Cir. 2015) 605 Fed.Appx. 606, 607 (*Lewis*). We deny Noel's request for judicial notice of the record in *Noel* as unnecessary.

[3] The prosecutor said he had conducted an investigation and "no longer ha[d] a good faith belief" Noel was guilty of the charge.

Noel sought federal habeas corpus relief. The district court denied the habeas petition, and Noel appealed. The Ninth Circuit Court of Appeals partially granted the petition. (*Lewis*, *supra,* 605 Fed.Appx. 606.) It concluded insufficient evidence supported the gang participation conviction in light of *People v. Rodriguez* (2012) 55 Cal.4th 1125, which held section 186.22, subdivision (a) "requires that the predicate felony be committed by at least two members of the same gang." (*Lewis*, at p. 608.) As the Ninth Circuit observed, "there was no evidence that could have supported a gang participation conviction" because Noel acted alone. (*Ibid.*)

The Ninth Circuit, however, rejected Noel's argument that the trial court violated his due process right to a fair trial by admitting the gang evidence. (*Lewis*, *supra,* 605 Fed.Appx. at pp. 607, 608.) It held that while Noel "could not have been convicted of the gang participation offense . . . because he committed his crimes alone, he could have been subject to the [gang] enhancement[s]." (*Id.* at p. 609.) According to the Ninth Circuit, the gang "evidence established a possible motive for the shooting—Noel wanted to punish his cousin for snitching—and permitted an inference that the shooting was gang-related. [Citation.] Though the trial judge set aside the jury's finding on the enhancement[s], that ruling, in and of itself, does not establish that there were no permissible inferences to be drawn from the gang evidence." (*Ibid.*) The Ninth Circuit remanded the case to the district court to "grant the writ consistent with this disposition." (*Ibid.*)

The district court conditionally granted the writ as to the gang participation conviction and remanded the case to the superior court for resentencing.

## B.

### *New Trial Motion*

The case returned to the superior court. As relevant here, the court determined Noel was entitled to a full resentencing hearing. Shortly before that resentencing hearing, Noel filed a motion for new trial in propria persona. Among other things, Noel argued that because the gang participation conviction and gang enhancements had been dismissed, he was entitled to a new trial where the gang evidence would be excluded. Noel also claimed the prosecution had violated *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*) by failing to disclose unspecified exculpatory evidence at trial. The *Brady* claim centered on the prosecution's unexplained dismissal of one charge before trial.

The court denied the new trial motion. It determined it lacked jurisdiction to hear the motion because the Ninth Circuit had remanded the case for resentencing only. The court also concluded the motion failed on the merits because the Ninth Circuit had considered—and rejected—Noel's argument regarding the gang evidence. That conclusion, the trial court explained, was "law of the case."

## C.

### *Resentencing*

At the December 2019 resentencing hearing, Noel urged the court to exercise its discretion under section 12022.53, subdivision (h) to strike the firearm enhancement. Defense counsel argued Noel had rehabilitated himself and offered a statement from the victim, Noel's cousin, who opined Noel "deserve[d] another chance" because he had "changed . . . grown, [and] educated himself." The prosecution countered that striking the enhancement was not in the "interest of justice" because Noel used a firearm in a "willful,

4

deliberate [and] premeditated . . . attempt to kill" his cousin and because Noel lacked credible remorse.

Exercising its discretion under section 12022.53, subdivision (h), the court declined to strike the enhancement. First, the court described the attempted murder, where Noel fired a handgun at his cousin at such close range the cousin could "feel the woosh of the air past his head and neck." It determined imposing the section 12022.53 enhancement furthered the purpose of the statute, which was to increase prison sentences for those "who use firearms in the commission of their crimes, in order to protect citizens and to deter violent crime."

Next, the court summarized Noel's conduct while incarcerated, pointing out that Noel had attacked an inmate in jail but had "comported himself appropriately" in state prison. Third, the court considered Noel's age when he committed the offenses, Noel's substance abuse problems, and the trauma suffered by one of the victims. Finally, the court opined Noel continued "to minimize the gravity of his actions" and failed to demonstrate "remorse in a meaningful way."

After analyzing these considerations, the court declined to strike the firearm enhancement, concluding that to do so would be an abuse of discretion. The court sentenced Noel to 37 years in state prison, which included a 20-year term for the section 12022.53, subdivision (c) enhancement.

5

DISCUSSION

I.

*No Error in Denying the New Trial Motion*

Noel contends he was entitled to a new trial where the gang evidence "could be excluded." We conclude the trial court properly determined it lacked jurisdiction to decide the motion.

"On remand with directions . . . the trial court has jurisdiction only to follow the directions of the appellate court; it cannot modify, or add to, those directions." (*People v. Oppenheimer* (1965) 236 Cal.App.2d 863, 865–866.) Here, the Ninth Circuit concluded insufficient evidence supported the gang participation conviction and remanded the case to the district court to "grant the writ consistent with this disposition." The district court conditionally granted the writ as to the gang participation conviction and remanded the case to the superior court for resentencing.

Thus, the direction for the superior court was to resentence Noel. The Ninth Circuit's disposition did not contemplate that Noel would receive a new trial in the superior court, nor that he could move for one. A new trial is defined as a " ' "reexamination of the issue in the same Court, before another jury, after a verdict has been given." ' [Citations.]. . . [T]he ' "granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict . . . cannot be used or referred to, either in evidence or in argument . . . ." ' " (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1125.)

A trial court lacks jurisdiction to consider a new trial motion where—as here—a case has been remanded solely for resentencing. (*People v. Smyers* (1969) 2 Cal.App.3d 666, 668–669 [trial court lacked jurisdiction to hear new trial motion where judgment was reversed and case remanded " 'for the

purpose only of rearraigning [the defendant] for judgment' "]; *People v. Oppenheimer, supra,* 236 Cal.App.2d at p. 866 [trial "court had no power to receive, or to act upon" new trial motion where case was remanded to vacate probation order, rearraign the defendant, and impose sentence].) Noel's opening brief ignores this well-established principle and the cases supporting it. His belated discussion of the issue in his reply brief is not persuasive.

We conclude the court correctly determined it lacked jurisdiction to hear Noel's new trial motion.[4] Having reached this conclusion, we need not determine whether the denial of the new trial motion was also proper under the law of the case doctrine.

II.

*No Abuse of Discretion in Declining to Strike the Section 12022.53, Subdivision (c) Firearm Enhancement*

Next, Noel claims the court abused its discretion by declining to strike the firearm enhancement. We disagree.

"Senate Bill No. 620 (2017–2018 Reg. Sess.), which added section 12022.53, subdivision (h), gave the trial court discretion 'in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) The factors "the trial

---

[4] For the reasons discussed above, the court lacked jurisdiction to grant a new trial premised on the alleged withholding of potentially exculpatory evidence relating to the charge the prosecution dismissed before trial. The *Brady* claim is also forfeited. Noel was obviously aware of the dismissal of the charge and the prosecution's failure to explain its reasoning when the dismissal occurred, but he raised no *Brady* claim at that time. (*People v. Morrison* (2004) 34 Cal.4th 698, 714.) Additionally, the claim fails on the merits because, as Noel acknowledges, "he cannot meet the specific requirements of *Brady*[.]" (*People v. Jimenez* (2019) 32 Cal.App.5th 409, 418 [defendant bears burden of establishing *Brady* violation].)

7

court must consider when determining whether to strike a firearm enhancement under section 12022.53, subdivision (h) are the same factors the trial court must consider when handing down a sentence in the first instance." (*Id.* at p. 117.) Among these are "the rights of the defendant, the interests of society represented by the People, and individualized considerations pertaining to the defendant and his . . . offenses and background." (*People v. Rocha* (2019) 32 Cal.App.5th 352, 359.)

We review a trial court's decision not to strike a sentencing enhancement under section 12022.53, subdivision (h) for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Pearson, supra,* 38 Cal.App.5th at p. 118.) The party challenging the sentence has the burden of showing the court's decision was " " 'irrational or arbitrary.' " " (*Carmony,* at p. 376.) " " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination . . . will not be set aside on review.' " " (*Id.* at pp. 376–377.) We will not reverse " ' "merely because reasonable people might disagree" ' " with the court's decision. (*Id.* at p 377.)

There was no abuse of discretion here. (*People v. Pearson*, *supra,* 38 Cal.App.5th at p. 118.) The court carefully considered transcripts from Noel's trial, the original and updated probation reports, the parties' sentencing memoranda, the arguments of counsel, and the statement from Noel's cousin. It analyzed the relevant factors, including the violent, serious nature of the offenses, and the factors in mitigation, including Noel's age when he committed the crimes and his substance abuse issues. That the court commented on whether Noel had credibly expressed remorse does not render the court's decision an abuse of discretion. (See *People v. McVey*

8

(2018) 24 Cal.App.5th 405, 419 [trial court considered lack of remorse in deciding to impose upper term for section 12022.5 firearm enhancement].)

Noel's reliance on *People v. Key* (1984) 153 Cal.App.3d 888 is unavailing. There the court held lack of remorse was not a valid reason to aggravate a sentence where the defendant denied the charges and where the evidence of guilt was "conflicting" and "not overwhelming." (*Id.* at p. 901.) Here and in contrast to *Key*, the evidence of guilt "overwhelmingly established [Noel's] guilt." Thus, the court did not err by considering Noel's lack of remorse. (*People v. Leung* (1992) 5 Cal.App.4th 482, 507–508.)

But even if we assume for the sake of argument the court erred by considering Noel's lack of remorse, other reasons for declining to strike the firearm enhancement, discussed above, "provided adequate, independent support" for the court's decision. (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 372 [any error in considering the defendant's lack of remorse was harmless]; *People v. Holguin* (1989) 213 Cal.App.3d 1308, 1319 ["where the trial court has stated several factors warranting the upper term, and only some of those factors are erroneous, the sentence is generally affirmed"].)

We decline to consider Noel's undeveloped assertion that the court should have imposed a "lesser enhancement." (*Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7 [issues not supported by substantive argument or citation to authority are deemed waived].)

DISPOSITION

The judgment is affirmed.

9

_____

Reardon, J.*

WE CONCUR:


_____

Simons, Acting P. J.


_____

Needham, J.


A159257

---

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.